# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

Civil Case No. 1:10cv21
[Criminal Case No. 1:06cr51]

| | |
|---|---|
| **TRAVIS MONTREAL SANTIAGO,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

## PROCEDURAL HISTORY

The Petitioner was charged on June 6, 2006, with one count of felony possession of a firearm, in violation of 18 U.S.C. § 922(g). [Criminal Case No. 1:06cr51, at Doc. 1]. On September 1, 2006, he entered into a plea agreement with the Government. [Id.; at Doc. 19]. In that agreement, the

1

Petitioner waived his right to contest his conviction or sentence pursuant to 28 U.S.C. §2255 on any grounds except for ineffective assistance of counsel and prosecutorial misconduct. [Id., at 4].

On September 8, 2006, the Petitioner attended his Rule 11 hearing and entered his guilty plea. [Id., at Doc. 20]. In the course of that hearing, the Petitioner acknowledged that his guilty plea was knowing and voluntary and that he was waiving his right to contest his conviction and sentence pursuant to §2255. [Id.].

On May 11, 2007, the Hon. Lacy H. Thornburg, who has since retired, sentenced Petitioner to 46 months imprisonment. [Id., at Doc. 22].

Although the Petitioner waived his right to appeal his conviction and sentence, the Government did not do so. On June 7, 2007, the Government filed a Notice of Appeal seeking review of the sentence imposed. [Id., at Doc. 27]. On December 10, 2007, the United States Court of Appeals for the Fourth Circuit held that the sentencing Court had erroneously determined that "it was precluded by the Sixth Amendment from enhancing [the Petitioner's] sentence based on facts not admitted by him or found by a jury." United States v. Santiago, 257 Fed.Appx. 610 (4th Cir. 2007). The Circuit therefore vacated and remanded the case for resentencing. Id.

On remand, Judge Thornburg sentenced the Petitioner to 84 months imprisonment. [Criminal Case No. 1:06cr51, at Doc. 37, Doc. 43]. The Petitioner appealed, arguing that: (1) his sentence was unreasonable because the Government failed to present sufficient evidence to support Guideline calculations; (2) the trial court engaged in impermissible double counting; and (3) the cross-reference provision of the Sentencing Guidelines violated his Sixth Amendment rights. [Id., at Doc. 38]. The Government moved to dismiss, citing the waiver of the right to appeal contained in the plea agreement. On September 12, 2008, the Fourth Circuit granted the Government's motion and dismissed the Petitioner's appeal. [Id., at Doc. 46]. The Petitioner's petition for a writ of *certiorari* was denied by the United States Supreme Court on January 21, 2009. Santiago v. United States, 129 S.Ct. 1019, 173 L.Ed.2d 308 (2009).

On January 19, 2010, Petitioner timely filed this motion to vacate, set aside, or correct his conviction and sentence. The Petitioner argues that: (1) his sentence is unreasonable because the Government failed to present evidence to support the Guideline adjustment; and (2) the trial court engaged in impermissible double counting of conduct which comprised the offense of conviction.

3

## STANDARD OF REVIEW

> A prisoner in custody under sentence of a [federal] court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255(a).

The Rules Governing Section 2255 Proceedings for the United States District Courts provide in pertinent part:

> The judge who receives the [§2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion[.]

Rule 4(b).

## DISCUSSION

As noted, the Petitioner's plea agreement contains an explicit waiver of the Petitioner's right to challenge his sentence or conviction in appellate or post-conviction motions except for claims of ineffective assistance of counsel or prosecutorial misconduct. At his Rule 11 hearing, the Petitioner swore under oath that he understood he was waiving his right to challenge his

4

sentence or conviction in a post-conviction proceeding, except for those two grounds. "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity,'" because courts must be able to rely on the defendant's statements made under oath during a properly conducted rule 11 plea colloquy." United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (citations omitted). Representations made by a defendant at a Rule 11 hearing, as well as the findings made by the judge therein, constitute a formidable barrier in a subsequent collateral attack. Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), *certiorari denied* 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992) ("[Petitioner] stated during the Rule 11 colloquy that he had not been coerced or threatened into pleading guilty." Such statements "constitute a 'formidable barrier' to collateral proceedings to vacate the plea."); *accord*, United States v. Lambey, 974 F.2d 1389, 1394-95 (4th Cir. 1992), *certiorari denied* 513 U.S. 1060, 115 S.Ct. 672, 130 L.Ed.2d 605 (1994); United States v. Land, 60 Fed.Appx. 963 (4th Cir. 2003), *certiorari denied* 540 U.S., 124 S.Ct. 859, 157 L.Ed.2d 731 (2003).

Moreover, "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and

5

voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); *accord,* United States v. Johnson, 410 F.3d 137, 151-53 (4th Cir. 2005), *certiorari denied* 546 U.S. 952, 126 S.Ct. 461, 163 L.Ed.2d 350 (2005) (upholding defendant's knowing and voluntary waiver of appellate rights). Having reviewed the record, the Court finds that the Petitioner knowingly and voluntarily entered into his plea agreement and understood that he was waiving his right to attack his conviction and sentence pursuant to §2255, except as to ineffective assistance of counsel and prosecutorial misconduct. The claims raised by Petitioner in this motion do not fall within those two exceptions. The Court finds that the agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to Petitioner's attempts to challenge his sentence on the grounds raised in this motion. Lemaster, 403 F.3d at 221-22; United States v. Morgan, 284 Fed.Appx. 79 (4th Cir. 2008).[1]

Having considered the Petitioner's motion, any attached exhibits, and the record of the prior proceedings, the Court finds that the Petitioner is not entitled to relief and the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S.

---

[1] Indeed, it is arguable that the dismissal of the Petitioner's appeal by the Fourth Circuit constitutes an adjudication that the waiver was knowingly and voluntarily made.

6

322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DENIED** and this action is dismissed.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Signed: July 13, 2010

Martin Reidinger
United States District Judge